```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**AUSTIN T. DAY,**

      **Plaintiff,**

**v.**                    //   **CIVIL ACTION NO. 1:13CV16**
                                     (Judge Keeley)

**LIBERTY MUTUAL FIRE INSURANCE CO.,**
a Massachusetts corporation, and
**ERIE INSURANCE CO.,** a Pennsylvania
corporation,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND [DKT. NO. 9]

Pending before the Court is the plaintiff's motion to remand (dkt. no. 9). For the reasons that follow, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.

**I.**

**A.**

On April 9, 2010, the plaintiff, Austin T. Day ("Day"), a West Virginia resident, was operating a vehicle owned by his employer, Dominion Resources, Inc. ("Dominion"), in Harrison County, West Virginia. (Dkt. No. 1-1 at 9). While Day was stopped at a red light, he was struck by James W. Clevenger ("Clevenger"), another West Virginia resident, who was driving eastbound on U.S. Route 50. Id. at 9-10. As a result, Day allegedly suffered serious injuries,

1

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                    **1:13CV16**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

medical expenses, and other damages. Id. at 10.

    Prior to filing the instant suit, Day, by counsel, reached a settlement agreement with both Clevenger and Clevenger's insurer, Nationwide Mutual Insurance Company ("Nationwide"). Pursuant to this settlement agreement, Day executed a Full and Final Release of All Claims ("Release") on March 14, 2012, expressly releasing Nationwide and Clevenger from any liability arising from the subject accident. (Dkt. No. 1-2 at 36-37). Approximately two weeks later, on March 27, 2012, Day executed an Addendum to this Release, which included, inter alia, the following paragraph:

> The parties herein understand that Mr. Day may be required to file a lawsuit in order to pursue and collect underinsured motorist coverage insurance from other insurance companies. Said lawsuit will likely name James W. Clevenger as a Defendant solely for the purpose of pursuing the underinsured claims. <u>Austin T. Day acknowledges that James W. Clevenger and Nationwide Insurance shall not be required to pay any sums above the . . . settlement previously paid Mr. Day, including but not limited to any subrogation claims. Mr. Day agrees not to execute against Mr. Clevenger for payment of any additional sums arising from the aforesaid claim and Mr. Day will seek said sums from the underinsured motorist coverage insurers Liberty Mutual/Dominion Resources and Erie Insurance only.</u> Mr. Clevenger agrees to cooperate to the extent required to maintain jurisdiction and venue over all parties named or unnamed who are not released by this document and to the extent required to maintain any claim for underinsured motorist coverage.

(Dkt. No. 1-2 at 40) (emphasis added).

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**  1:13CV16

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

**B.**

On April 5, 2012, Day filed suit in the Circuit Court of Harrison County, West Virginia, against three defendants: his employer's underinsured motorist carrier, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), a resident of Massachusetts; his own underinsured motorist carrier, Erie Insurance Company ("Erie"), a resident of Pennsylvania; and James Clevenger, who, as a West Virginia resident, was the only defendant with citizenship in common with Day. (Dkt. No. 1-1 at 8). The complaint contains five counts: (1) negligence by Clevenger;[1] (2) declaratory judgment regarding Day's coverage under Dominion's policy with Liberty Mutual; (3) breach of the common law duty of good faith and fair dealing by Liberty Mutual; (4) violation of the West Virginia Unfair Trade Practices Act by Liberty Mutual; and (5) damages

---

[1] Notably, as to Count One, the only claim against Clevenger, Day's complaint states:

> Plaintiff Day has settled all claims with Defendant Clevenger as a result of Defendant Clevenger's negligent acts for the policy limits of Defendant Clevenger's bodily injury liability policy. Defendant Liberty Mutual consented to this settlement and waived subrogation rights by letter dated December 6, 2011. Defendant Erie consented to this settlement and waived subrogation rights by letter dated January 4, 2012.

(Dkt. No. 1-1 at 10).

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL                 1:13CV16**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

arising from Clevenger's negligence, allegedly owed by Erie pursuant to Day's underinsured motor vehicle policy. Id. at 9-17.

On May 31, 2012, while the case was pending in state court, Clevenger filed a motion to dismiss pursuant to W. Va. R. Civ. P. 12(b)(6). Id. at 42. He argued that he should be dismissed from the case because the Release, per its plain terms, barred Day from any further recovery against him. Id. Day filed a response in opposition to Clevenger's motion on June 6, 2012. (Dkt. No. 1-2 at 28). Pointing to the aforementioned cooperation clause in the Addendum to the Release, id. at 40, Day argued that it would be contrary to the parties' settlement agreement to dismiss Clevenger from the case. Id. at 32. Day also argued that, inasmuch as the allegations in his complaint set forth a facially valid claim for negligence, Clevenger should have moved for summary judgment under W. Va. R. Civ. P. 56, and not dismissal under W. Va. Civ. P. 12(b)(6). Id. at 30.

On August 20, 2012, the parties appeared before the Honorable Judge John Lewis Marks, Jr. ("Judge Marks") in the Circuit Court of Harrison County, West Virginia, for a hearing on Clevenger's motion. (Dkt. No. 1-3 at 2). During the hearing, Day acknowledged that he had executed a full and final release of Clevenger and could, as a matter of law, bring his suit directly against Liberty

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                1:13CV16

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

Mutual and Erie. Id. Liberty Mutual, for its part, indicated that it had not yet made a decision as to whether it intended to defend in its own name or in the name of Clevenger, the tortfeasor. Id. Judge Marks ordered Liberty Mutual to notify the court of its decision within fourteen days of the date of the hearing, i.e., by September 3, 2012, and deferred ruling on the pending motion. Id. On October 23, 2012, having received no response from Liberty Mutual, Judge Marks entered a written order denying Clevenger's motion to dismiss "for the reasons set forth in [Day's] response." (Dkt. No. 1-3 at 4).

More than two weeks later, on November 7, 2012, Liberty Mutual filed a Notice setting forth its intent to defend against Day's suit in its own name. Id. at 7. Citing this Notice, Clevenger filed a Motion for Reconsideration on December 10, 2012, urging the state court to revisit his earlier motion to dismiss. Id. at 11. During a hearing conducted on January 15, 2013, Judge Marks orally granted the motion for reconsideration and dismissed Clevenger from the case. (Dkt. No. 1 at 1). He entered a written Order to this effect on January 28, 2013, noting that Clevenger had received a "full and final release for all claims against him." (Dkt. No. 9-4 at 2). It was this Order, Liberty Mutual contends, that finally created

diversity jurisdiction and rendered this case removable pursuant to 28 U.S.C. § 1446(b)(3).

**C.**

Thus, more than nine months after the complaint was first filed, Liberty Mutual removed the case to this Court on January 29, 2013. (Dkt. No. 1). The Notice of Removal alleges that, due to the state court's oral dismissal of James Clevenger on January 15, 2013, "complete diversity of citizenship" in this action "now exists," id. at 2, and the Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446(b)(3).

On February 8, 2013, the Court issued an Order directing the parties to brief the propriety of removal in light of the so-called "voluntary-involuntary rule," which prohibits federal courts from exercising diversity jurisdiction over a case that has been removed after the involuntary dismissal of the non-diverse defendants. See, e.g., Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988). Critically, both Liberty Mutual and Day agree that, for the purposes of the voluntary-involuntary rule, Clevenger was involuntarily dismissed from this action. Liberty Mutual argues that its removal was nonetheless proper because Clevenger was a fraudulently joined party, a fact which it did not discover until

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**  1:13CV16

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

the state court granted Clevenger's motion to dismiss on January 15, 2013. Day disagrees. On February 11, 2013, he filed a motion to remand, arguing that the Notice of Removal was untimely filed, (dkt. no. 9), and that Clevenger was not fraudulently joined. (Dkt. No. 13).

**II.**

A party may remove to federal court any state "civil action[] where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. §§ 1332(a), 1441(a). Generally, a defendant must file a notice of removal within thirty days following receipt of the complaint. 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The party seeking removal bears the burden of showing that the district court has original jurisdiction, Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994), and "courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" Hartley

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**               **1:13CV16**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

Diversity jurisdiction must be established at the time an action is removed. Higgins, 863 F.2d at 1166; see also Freeport v. McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). Even where the requisite diversity exists at the time of removal, however, "a case may nevertheless not be removable depending on whether [a] non-diverse party [was] eliminated from the state action by voluntary or involuntary dismissal." Higgins, 863 F.2d at 1166 (citation omitted). This judicially-created doctrine, known as the "voluntary-involuntary rule," prevents federal courts from "exercis[ing] diversity jurisdiction over a case that becomes removable because of the involuntary dismissal of all non-diverse defendants, as opposed to some voluntary action on the part of the plaintiff." Wingfield v. Franklin Life Ins. Co., 41 F.Supp.2d 594, 597 (E.D. Va. 1999) (collecting cases); see also 14B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 (4th ed. 2010). In other words, where a non-diverse defendant is dismissed from a state law action without the plaintiff's consent, the case does not thereafter become removable under 28 U.S.C. § 1446(b).

The fraudulent joinder doctrine operates as an exception to the voluntary-involuntary rule. Farley v. Argus Energy, LLC, No.

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**          **1:13CV16**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

2:08-00818, 2008 WL 2789948, at *2 (S.D. W. Va. July 16, 2008) (citing Arthur v. E.I. du Pont, 798 F.Supp. 367, 369 (S.D. W. Va. 1992)). To establish that a non-diverse party was fraudulently joined, the removing party must demonstrate either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley, 187 F.3d at 424 (quoting Marshall, 6 F.3d at 232). The burden on the party invoking this doctrine is heavy: "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Marshall, 6 F.3d at 232-33 (citation omitted). This standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)," Hartley, 187 F.3d at 424, as the plaintiff need only have "a possibility of a right to relief" against the nondiverse defendant in order to defeat removal. Marshall, 6 F.3d at 233 (citation omitted) (emphasis added).

**III.**

The propriety of Liberty Mutual's removal of this case depends on two separate, but interrelated, inquiries: (1) whether Clevenger

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                          **1:13CV16**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

was fraudulently joined in this action; and (2) if so, whether Liberty Mutual's Notice of Removal was timely filed. The Court addresses each of these issues in turn.

**A.**

As a threshold matter, Liberty Mutual's fraudulent joinder arguments misapprehend the applicable standard. Presumably in an effort to explain how it could not have earlier "ascertained" that this case was removable under 28 U.S.C. § 1446(b), Liberty Mutual repeatedly emphasizes how Day "successfully argued and maintained that [he] had a valid cause of action against Defendant Clevenger in negligence, and that dismissal of Clevenger would place Clevenger in breach of the settlement agreement," (dkt. no. 10 at 6), convincing both "counsel and the [state] [c]ourt he could establish a cause of action against Defendant Clevenger" and ultimately defeating the first motion to dismiss. Id. at 7. According to Liberty Mutual, it was only when the state court resolved the "extensive and contested motion practice" in Clevenger's favor that it even realized he had been fraudulently joined. (Dkt. No. 11 at 8, 7). This theory, however, actually serves to undercut - rather than support - any argument that Clevenger was fraudulently joined.

Contrary to Liberty Mutual's arguments, a defendant is not

10

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                      **1:13CV16**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

fraudulently joined simply because the claims against him did not "ultimately succeed." Marshall, 6 F.3d at 233 (citation omitted). Such a position would render the voluntary-involuntary distinction a nullity, as a party could invoke "fraudulent joinder by hindsight" any time a nondiverse defendant is dismissed from a case. Riverdale Baptist Church v. Certainteed Corp., 349 F.Supp.2d 943, 954 (D. Md. 2004). Liberty Mutual, in other words, cannot satisfy its burden of demonstrating fraudulent joinder merely by pointing to the fact that the state court has ruled against Day on the merits of his claim. See, e.g., Deming v. Nationwide Mut. Ins. Co., No. 3:03-1225, 2004 WL 332741, *4 (D. Conn. Feb. 14, 2004). It must instead establish that, even after resolving all issues of fact and law in Day's favor, he has absolutely "no possibility" of establishing a cause of action against Clevenger. Marshall, 6 F.3d at 232; see also Hartley, 187 F.3d at 426 (fraudulent joinder standard "even more favorable" than motion to dismiss standard).

    Here, the Court need not undertake an extensive analysis to determine whether Liberty Mutual has carried its burden of demonstrating fraudulent joinder – the defendant itself has limited its argument to emphasizing the ostensibly "colorable claims against [] Clevenger," (dkt. no. 10 at 3), and "[o]nce the court identifies this glimmer of hope for the plaintiff, the

11

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                                    **1:13CV16**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

jurisdictional inquiry ends." Hartley, 187 F.3d at 426. Indeed, far from demonstrating that Day had "no possibility" of success, Liberty Mutual goes to great lengths to characterize the state court's initial denial of Clevenger's motion to dismiss as the direct result of Day's "persua[sive]" argument that "he could establish a cause of action against [] Clevenger." (Dkt. No. 10 at 7); see, e.g., Beaudoin v. Sites, 886 F.Supp. 1300, 1302 (E.D. Va. 1995) (stating that the "no possibility" standard for fraudulent joinder should be applied as an inquiry to determine whether there exists a "reasonable possibility that a state court would rule against any of the [defendants]").

In sum, Liberty Mutual has subverted its own argument and wholly failed to establish that Clevenger was fraudulently joined in this action. Accordingly, in light of the parties' agreement that Clevenger was involuntarily dismissed as contemplated by the voluntary-involuntary rule, this case must be remanded. See, e.g., Cohen v. TWI Franchising, Inc., No. 5:09-69, 2009 WL 4915673, at *1 (W.D. Va. Dec. 18, 2009) (involuntary dismissal of non-diverse party by state court results in defect in federal subject matter jurisdiction).

12

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                             **1:13CV16**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

**B.**

Even if the joinder of Clevenger were fraudulent, Liberty Mutual would still have to overcome Day's argument that its removal was untimely. See Cades v. H & R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994) (untimely removal constitutes a procedural defect that renders the case improperly removed). On this point, Liberty Mutual contends that it was entitled to remove within thirty days of the state court's dismissal of Clevenger. The Court disagrees.

It is well-established that a defendant has thirty days to remove an action after it is first able to ascertain, from the initial pleading or some other document, that a case is or has become removable. 28 U.S.C. § 1446. In the fraudulent joinder context, this means that the defendant must remove within thirty days of "the time [it] can first ascertain that a party has been fraudulently joined." Delaney v. Viking Freight, Inc., 41 F.Supp.2d 672, 674 n.2 (E.D. Tex. 1999) (collecting cases); see also Haythorn v. Erie Ins. Property & Cas. Co., No. 5:06CV67, 2006 WL 2595278, at *3 (N.D. W. Va. Sept. 11, 2006) ("[A] defendant has thirty days to remove an action after learning that a non-diverse defendant has been fraudulently joined."). It follows that where, as here, a removal is based on the fraudulent joinder of a former party, the dispositive date is "not when the state court first put its stamp

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**  1:13CV16

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

on the matter," i.e., when the state court actually dismissed the nondiverse defendant, but instead when the removing party "was first able to ascertain that the case was removable." Riverdale, 349 F.Supp.2d at 953-54; see also Nexbank, SSB v. BAC Home Loan Servicing, LP, No. 3:11-CV-00279, 2011 WL 5182118, at *8 (N.D. Tex. Oct. 28, 2011); Fehlman v. McCaffrey, No. CV-10-122-ST, 2010 WL 1959534, at *4-5 (D. Or. Apr. 14, 2010); Deming, 2004 WL 332741, at *5.

Liberty Mutual argues that it "was first made aware that there was no possibility that [Day] could establish a cause of action against Defendant Clevenger" on January 15, 2013, when the state court granted Clevenger's motion to dismiss. (Dkt No. 10 at 3). Painting itself as the unsuspecting victim of Day's "elaborate scheme to avoid federal jurisdiction," id. at 6, it complains that, prior to the state court's dismissal order, it had believed Day was pursuing a valid cause of action against Clevenger. See id. at 7-8. In support, it notes that the complaint specifically alleged that "[r]emoval is improper," a legal conclusion it apparently took to heart, and makes much of Day's early success in defeating Clevenger's motion to dismiss. Id. Only when Clevenger was actually dismissed, Liberty Mutual contends, did it finally "have grounds to argue that there was no possibility that [Day] would be able to

14

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**                              **1:13CV16**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND [DKT. NO. 9]**

establish a cause of action against [] Clevenger in state court – that [] Clevenger had been fraudulently joined." Id. at 7.

Setting aside the obvious point that Liberty Mutual's professed confusion is hardly indicative of fraudulent joinder, the question presented is when, exactly, the thirty-day removal period began to run. As Day points out, Liberty Mutual has not indicated it learned any new information bearing on the validity of the claim against Clevenger between the time it received Day's complaint and the time the state court entered its dismissal order. Indeed, inasmuch as the Release is the basis for the fraudulent joinder argument, the complaint itself explicitly states that "Day has settled all claims with [] Clevenger as a result of [] Clevenger's negligent acts," a fact that Liberty Mutual, given its pre-suit "consent[] to this settlement," must have already known. (Dkt. No. 1-1 at 10). Liberty Mutual's assertions that Day "elaborat[ly] scheme[d]" to obfuscate the removability of this case (dkt. no. 10 at 6) cannot overcome this simple truth: the grounds for removal were plainly apparent on the face of the complaint. (Dkt. No. 1-1 at 10).

Liberty Mutual, in short, had all of the information necessary to construct its fraudulent joinder argument on or about April 18, 2012, when it accepted service of the complaint. Nevertheless,

15

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL                    1:13CV16**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

rather than filing a Notice of Removal within the requisite thirty-day period, it consciously chose to wait until after the state court had issued a ruling on the merits of the claim against Clevenger before asserting he had been fraudulently joined. As other courts have found, "permitting such 'fraudulent joinder by hindsight' removal petitions would serve both to undermine 28 U.S.C. § 1446(b)'s thirty-day limit and . . . render meaningless the long-held distinction between voluntary and involuntary dismissals of non-diverse parties in creating removability." Riverdale, 349 F.Supp.2d at 954 (quoting Deming, 2004 WL 332741, at *5). Liberty Mutual cannot now avoid the statutory time limits of 28 U.S.C. § 1446(b) simply because it regrets its initial decision to remain in state court.

    The Court thus concludes that "[Liberty Mutual] could have intelligently ascertained within the thirty days following [its] receipt of the Complaint [whether or not] it had valid arguments that [the claims against Clevenger] should fail." Riverdale, 349 F.Supp.2d at 954 (quoting Deming, 2004 WL 332741 at *5). As such, it was required to remove "within 30 days after the receipt . . . of a copy of the initial pleading," and the current Notice of Removal was untimely filed. 28 U.S.C. § 1446(b).

16

**DAY v. LIBERTY MUTUAL FIRE INS. CO., ET AL**  1:13CV16

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND [DKT. NO. 9]**

**IV.**

Pursuant to 28 U.S.C. § 1447(c), attorneys' fees may be shifted upon remand "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A court's decision whether to award fees under § 1447(c) is discretionary. Gibson v. Tinkey, 822 F. Supp. 347, 348 (S.D. W. Va. 1993); see also Martin, 546 U.S. at 136. Here, although Liberty Mutual's removal was not well-founded, it was not objectively unreasonable. Therefore, the Court declines to award costs and fees to the plaintiff.

**V.**

For the reasons discussed, the Court **GRANTS** the plaintiff's motion to remand (dkt. no. 9) and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia, pursuant to 28 U.S.C. § 1447(c).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record, and to mail a copy to the Circuit Court of Harrison County, West Virginia.

DATED: May 6, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE